# United States Court of Appeals
## For the First Circuit

No. 14-1696

ANTONIO CONDE CUATZO,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Thompson, and Barron,
Circuit Judges.

James A. Welcome and Law Offices of James A. Welcome on brief for petitioner.
Annette M. Wietecha, Office of Immigration Litigation, Civil Division, United States Department of Justice, Joyce R. Branda, Acting Assistant Attorney General, Civil Division, and Julie M. Iversen, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

August 5, 2015

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

**LYNCH**, **Circuit Judge**.  Antonio Conde Cuatzo, a native and citizen of Mexico, petitions for review of a May 28, 2014, final order of the Board of Immigration Appeals (BIA) affirming a January 23, 2014, Immigration Judge's (IJ) denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT).

Because substantial evidence supports the adverse credibility finding and Conde Cuatzo's due process claims are meritless, we deny the petition.

I.

After several prior illegal entries, Conde Cuatzo entered the United States on March 17, 2010.  He was removed to Mexico on March 18, 2010, but he illegally reentered the United States on the same day he was removed.  He was apprehended by immigration officials on July 26, 2013, at which time he was issued a notice of intent to reinstate his prior order of removal.  On December 9, 2013, an asylum officer, who concluded that Conde Cuatzo had established reasonable fear of returning to Mexico, referred the case to Immigration Court for withholding-only proceedings.

On January 23, 2014, the IJ issued an oral decision denying Conde Cuatzo's application for relief.  The IJ found that Conde Cuatzo was not credible on the basis of numerous inconsistencies between his three sworn statements: first, to

Border Patrol agents on March 17, 2010, before his March 18, 2010, removal; second, to an asylum officer on September 19, 2013, in his reasonable fear interview; and third, before the IJ on January 23, 2014. Conde Cuatzo testified to the IJ that he had escaped to the United States because of three incidents in Mexico in 2008 and 2009 in which members of the Mara 13 gang threatened him and physically attacked him. He claimed that he was attacked both because of his refusal to work for the gangs and because of his indigenous heritage. The IJ found this testimony to be inconsistent with Conde Cuatzo's prior sworn testimony to the asylum officer,[1] which was that he did not know the identities of the gang members that beat him up, or why they had targeted him. The IJ found that both of those statements were inconsistent with Conde Cuatzo's statement to the Border Patrol agents in 2010 -- just after the three alleged gang encounters -- that his purpose in coming to the United States was to work and that he had no fear or concern about being returned to his home country. Basing his adverse credibility finding on these and other inconsistencies,

---

[1] In several places, the IJ mistakenly refers to Conde Cuatzo's September 19, 2013, reasonable fear interview with an asylum officer as an interview with the Border Patrol. For example, the IJ stated that Conde Cuatzo told the "Border Patrol" that the gang "knocked out two of his teeth and opened up his head." This description of the attack is actually found in the sworn statement Conde Cuatzo gave to the asylum officer on September 19, 2013 ("they knocked out two of my teeth and they opened up my head"), not his earlier statement to the Border Patrol agents.

the IJ denied Conde Cuatzo's applications for withholding of removal under the Immigration and Nationality Act and withholding of removal under CAT.

Conde Cuatzo appealed to the BIA. The BIA dismissed his appeal on May 28, 2014, on the basis that the IJ's adverse credibility finding was not clearly erroneous. The BIA also rejected Conde Cuatzo's due process claims, finding that no fundamental unfairness and no demonstrated prejudice resulted from either the IJ's refusal to consider untimely offered evidence or the IJ's interruptions of counsel during his examination of Conde Cuatzo. This petition for review followed.

## II.

Conde Cuatzo challenges the adverse credibility determination and the resulting denial of his withholding of removal and CAT claims. To qualify for withholding of removal, Conde Cuatzo must show that upon deportation, he is "more likely than not to face persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Lutaaya v. Mukasey, 535 F.3d 63, 70 (1st Cir. 2008) (quoting Sharari v. Gonzales, 407 F.3d 467, 474 (1st Cir. 2005)); see also 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). To qualify for CAT protection, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2);

see also Mazariegos-Paiz v. Holder, 734 F.3d 57, 65 (1st Cir. 2013). These burdens can be met with the testimony of the applicant alone; but if the agency determines that the testimony is not credible, that testimony "may be discounted or completely disregarded." Mboowa v. Lynch, No. 13-1367, 2015 WL 4442290, at *3 (1st Cir. July 21, 2015) (quoting Ying Jin Lin v. Holder, 561 F.3d 68, 71 (1st Cir. 2009)).

Where, as here, the BIA has deferred to or adopted the IJ's reasoning, we review both the BIA's decision and relevant parts of the IJ's decision. Id. (citing Lutaaya, 535 F.3d at 70). "We review the BIA's and IJ's credibility determination 'under the deferential substantial evidence standard.'" Id. at *4 (quoting Dhima v. Gonzales, 416 F.3d 92, 95 (1st Cir. 2005)). Under this standard, we will not reverse factual findings unless "the record would compel a reasonable adjudicator to reach a contrary determination." Ying Jin Lin, 561 F.3d at 72.

Here, ample evidence supports the IJ's finding, affirmed by the BIA. In his sworn statement to the Border Patrol -- the one closest in time to the three alleged gang encounters -- Conde Cuatzo made no mention of the attacks and stated that he had no reason to fear any harm upon being deported to Mexico. It was only in his second sworn statement, at the reasonable fear interview, that Conde Cuatzo expressed fear of returning to Mexico; but at that time, he claimed not to know the identity of the gang

- 5 -

nor the reason the gang was coming after him.  It was only in his third statement, before the IJ, that Conde Cuatzo claimed that he was being targeted by the Mara 13 gang because of his indigenous heritage.  The record provides ample support for the IJ's finding that Conde Cuatzo's statements were inconsistent, as well as for the IJ's finding that Conde Cuatzo failed to provide a meritorious explanation for the inconsistencies.  This adverse credibility determination supports the IJ's and BIA's conclusion that Conde Cuatzo failed to meet his burden of showing that it was more likely than not that he would be persecuted or tortured if he returns to Mexico.

### III.

Conde Cuatzo also claims that he was denied a full and fair hearing, in violation of his right to due process.  To make out a due process violation, a claimant must show that a procedural error led to fundamental unfairness as well as actual prejudice. Toribio-Chavez v. Holder, 611 F.3d 57, 65 (1st Cir. 2010).  We review such claims de novo.  Id. at 62.

First, Conde Cuatzo claims that the IJ violated his right to due process by not admitting into evidence his untimely expert witness declaration.  Immigration judges have broad discretion over the conduct of immigration court proceedings.  Id. at 67.  It was well within the IJ's discretion to exclude a lengthy expert witness declaration that was offered only on the morning of the

hearing, a week after the deadline for submission to which Conde Cuatzo, through his counsel, had previously agreed. Moreover, Conde Cuatzo has failed to show prejudice because the denial of his application was based on an adverse credibility finding and the excluded expert declaration had no bearing on Conde Cuatzo's credibility.

Second, Conde Cuatzo claims that he was denied due process because the IJ interrupted and directed counsel's examination of Conde Cuatzo. This claim is not supported by the record and is meritless. The interruptions were the result of the IJ correctly sustaining the government's objections to counsel's repeatedly leading questions. Moreover, there is no prejudice because Conde Cuatzo has not shown, or even suggested, that he was prevented from presenting any testimony that would have affected the adverse credibility finding. As such, Conde Cuatzo has failed to establish any violation of his right to due process.

## IV.

For the reasons stated, the petition for review is denied.